# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 01-2734

———————

National Minority Supplier     *
Development Council Business     *
Consortium Fund, Inc.,     *
    *   Appeal from the United States
           Appellant,     *   District Court for the District
    v.     *   of Minnesota.
    *
Bank of Windsor,     *       [UNPUBLISHED]
    *
           Appellee.     *

———————

Submitted: March 13, 2002

Filed: March 19, 2002

———————

Before FAGG and BEAM, Circuit Judges, and GOLDBERG,[*] Judge.

———————

PER CURIAM.

National Minority Supplier Development Council Business Consortium Fund, Inc. (BCF) appeals the district court's[**] adverse grant of summary judgment in favor of Bank of Windsor (the Bank) on BCF's claims for breach of contract,

———————

[*]The Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.

[**]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

indemnification, negligent misrepresentation, accounting, and Rule 56(f) discovery arising from BCF's participatory interest in a defaulted loan. BCF also appeals the district court's grant of summary judgment in the Bank's favor for BCF's share of attorney fees incurred in litigation on the defaulted loan.

We review a grant of summary judgment under a well-established standard. Because this is a diversity action, we review de novo questions of state law. Having considered the record and the parties' briefs, we are satisfied the district court correctly applied the controlling state law, and that the record supports the district court's rulings. First, the Bank did not breach the express terms of its agreement with BCF, nor did it breach its contractual duty of care to BCF. Second, contrary to BCF's assertion, the Bank's loan administration did not trigger the contractual indemnification provision. Third, BCF cannot establish two elements of a negligent misrepresentation claim: the required duty of care, or the falsity of the relevant statements when made. Fourth, because BCF has not exercised its contractual rights to access the Bank's records, BCF is not entitled to a court-ordered equitable accounting. Fifth, BCF has not met the requirements for discovery under Rule 56(f) because it did not file an affidavit requesting such discovery; further, it is unclear what additional information BCF could learn through discovery because BCF's contract with the Bank ensures BCF access to all of the Bank's nonprivileged documents for this loan. Finally, BCF is contractually obligated to pay a portion of the litigation expenses the Bank incurred while the Bank attempted to recover on the defaulted loan.

Having concluded that an extended opinion in this diversity case would serve little to develop the law of this circuit, we affirm on the basis of the district court's well-reasoned rulings without further discussion. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.